# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

CHRISTIAN MOORE,
    *Plaintiff*,

v.

CONNECTICUT DEPARTMENT OF CORRECTION,
    *Defendant*.

No. 3:13-cv-01160 (JAM)

## ORDER DENYING AS MOOT DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW

On June 8, 2018, a federal jury returned a verdict in plaintiff Christian Moore's favor on his claim against defendant Connecticut Department of Correction (the Department) for unlawful retaliation under Title VII of the Civil Rights Act of 1964. A retaliation claim under Title VII requires in part that an employee prove that the employer took an adverse action against the employee. *See Shultz v. Congregation Shearith Israel of the City of New York*, 867 F.3d 298, 304 (2d Cir. 2017). The jury in this case was instructed that it must consider whether the alleged adverse action taken by the Department against Moore was based on adverse information about Moore that came to light only as a result of a Freedom of Information Act (FOIA) request made to the Department by another employee, Daniel Callahan. Doc. #134 at 9–10. At an earlier stage of this litigation, the Court dismissed plaintiff's Equal Protection claim against Callahan on the ground that Callahan had a right as a private citizen to submit a FOIA request, such that his act in making a FOIA request was not state action under color of law. *See Moore v. Connecticut Dept. of Correction*, 2018 WL 1440169, at *3 (D. Conn. 2018).

The Department now argues that, because Callahan's action in filing a FOIA request was undertaken in his capacity as a private citizen rather than under the color of law, this act cannot

create liability for his employer. In particular, the Department argues that agency law, which serves as the foundation of liability under a "cat's paw" retaliation theory, does not create liability for employers for the off duty conduct of their employees unless "(a) [the employer] intended the conduct or the consequences, or (b) [the employer] was negligent or reckless, or (c) the conduct violated a non-delegable duty of the [employer], or (d) the [employee] purported to act or to speak on behalf of the [employer] where there was reliance upon apparent authority, or he was aided in accomplishing the tort by the existence of the agency relation." *Vazquez v. Empress Ambulance Serv., Inc.*, 835 F.3d 267, 273 (2d Cir. 2016). The Department argues that none of these exceptions apply to Callahan's filing of his FOIA request, and that the Department therefore cannot be liable for his off duty conduct because he was not acting as the Department's agent. This issue was not addressed in either of the Court's two previous orders, and this is a substantial issue that the Court need not resolve in light of the parties' subsequent settlement of this action. Accordingly, the Court DENIES the Department's motion for judgment as a matter of law (Doc. #144) as moot in light of the parties' settlement of this action.

      It is so ordered.

      Dated at New Haven this 27th day of November 2018.

      /s/ *Jeffrey Alker Meyer*
      Jeffrey Alker Meyer
      United States District Judge